UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ATER M. MAJAK,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN L. HARRIS and AMY B. BURKS,<br><br>    Defendants. | Case No. 3:16-cv-01852<br><br>Chief Judge Hood<br>Magistrate Judge Newbern |

To: The Honorable Denise Page Hood, Chief Judge

### REPORT AND RECOMMENDATION

This case has been pending on the Court's docket with no action taken by Plaintiff Ater M. Majak since he filed a supplement to his complaint on September 27, 2016.[1] (Doc. No. 4.) Defendants John L. Harris and Amy B. Burks have not been served and have not appeared. On October 20, 2017, the undersigned ordered Majak to show cause within thirty days why his case should not be dismissed for failure to prosecute and notified him that any failure to respond could result in a recommendation that his case be dismissed. (Doc. No. 5.) Majak has not responded to the Court's order.

**Legal Standard**

Federal Rule of Civil Procedure 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). It has long been established that dismissal under this rule may be

---

[1] The Court's prior order (Doc. No. 5) erroneously stated that there had been no activity in this case since Majak filed his complaint on July 18, 2016. Majak's later filing includes additional factual allegations regarding his racketeering claim. (Doc. No. 4.)

ordered in the absence of a motion. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *see also Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal.") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). In considering whether dismissal under Rule 41(b) is appropriate, the Court considers four factors: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Carpenter v. City of Flint*, 723 F.3d 700, 703–04 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. Of Educ.*, 261 F.3d 586, 590 (6th Cir. 2011)).

A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b). The Sixth Circuit has cautioned that dismissal with prejudice is a "harsh sanction" that should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F.2d at 161. Dismissal without prejudice is "a comparatively lenient sanction" for which the "controlling standards should be greatly relaxed because the dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy v. G.C.R. Inc.*, 110 F. App'x 552, 556 n.4 (6th Cir. 2004).

**Analysis**

Here, Majak's failure to take any action after filing and supplementing his complaint more than one year ago, despite being warned of the consequences of failing to act, warrants dismissal of this action under Rule 41(b). The fault plainly lies with Majak for the lack of any progress in this action. And, although the defendants have not been served and may not even be aware of these

proceedings, they are prejudiced *in absentia* by the fact of being named in an action of which they have no notice.

As for the last factor, the "less-drastic" sanction of dismissal without prejudice is available, and the undersigned finds it appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *Mulbah*, 261 F.3d at 591. It is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *Id.* This Court's Local Rules strike the same balance, providing that "[a] civil action that has been on the docket for six (6) months without any responsive pleading or other court proceedings taken therein shall be dismissed as a matter of course, but the dismissal shall be without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. Rule 41.01 (dismissal of inactive cases). Taking all of these factors into account, the undersigned finds that dismissal without prejudice best addresses the interests of this litigation.

**Recommendation**

In light of the lack of any activity in this case since September 2016, the undersigned RECOMMENDS that it be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule 41(b) and Local Rule 41.01.

Any party has fourteen (14) days after being served with this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days after being served with a copy thereof in which to file any responses to said objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further

appeal of the matters disposed of therein. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

ENTERED this 12th day of January, 2018.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

4

Case 3:16-cv-01852     Document 6     Filed 01/12/18     Page 4 of 4 PageID #: 34